IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**EDWARD CURANOVIC,**

      **Plaintiff,**

v.                                                                   **Case No. 5:18cv88**
                                                                         **(Judge Stamp)**

**JESSICA HOUCHIN, RN; MS.
WILSON, PA; LT. DUVALL;
Dr. ANDERSON, MD; M. WEAVER,
Medical Administrator; ANGELA P.
DUNBAR, Regional Director;
JENNIFER SAAD, Warden; and IAN
CONNERS, Adm. National Inmate
Appeals,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of a report and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the Defendants' Motion to Set Aside Entry of Default (ECF No. 41), as well as the Plaintiff's Motion for Default Judgment against the Defendants.

## PROCEDURAL HISTORY

On May 14, 2018, the Plaintiff filed a Complaint alleging that the Defendants had been deliberately indifferent to his serious medical situation. On June 20, 2018, the Plaintiff filed a properly completely court approved form. ECF No. 10. The Plaintiff seeks monetary damages in the amount of 1.9 million dollars for physical anguish and pain, $1.9

million dollars for emotional anguish, 1.9 million dollars impairment to the "normalcies of life," for a total award of 5.7 million dollars.

The Plaintiff did not file an Application to Proceed Without Prepayment of Fees and Costs, but instead paid the $400 filing fee. On July 17, 2018, an Order was entered which directed the Clerk of Court to issue summonses to the Plaintiff for service in compliance with Rule 4 of the Federal Rules of Civil Procedure.  ECF No. 11.  According to the docket sheet, Defendant Saad was served on July 27, 2018, Defendants Houchin, Wilson, Duvall, Anderson, Weaver and Dunbar were served on July 31, 2018, and Defendant Connors was served on July 31, 2018.

On September 26, 2018, Erin K Reisenweber, AUSA, filed a Motion for Enlargement of Time and Consolidated Response Date. ECF No. 30.  On September 27, 2018, the motion was granted, and the time by which the Defendants must answer or otherwise respond was designated as November 2, 2018. ECF No. 31.

On October 1, 2018, the Plaintiff filed a Motion for Default Judgment. ECF No. 32. Considering the Order granting the Defendants' Motion for Enlargement of Time, the Defendants were not in default. Consequently, the Plaintiff's Motion for Default Judgment was denied. ECF No. 33.

On November 8, 2018, the Plaintiff filed a Motion for Default. ECF No. 38. On November 13, 2018, undersigned entered an Order directing the Clerk to enter default against the Defendants [ECF No. 39], and default was thereafter entered on that same date. ECF No. 40.

Immediately thereafter, on November 14, 2018,  Ms. Reisenweber, AUSA, filed a Motion to Set Aside Entry of Default. ECF No. 41. The motion acknowledges that the

Defendants' answer or other responsive pleading was established as November 2, 2018. However, on October 30, 2018, Ms. Reisenweber learned the Bureau of Prisons' counsel had not yet obtained Department of Justice representations for any of the Defendants other than Ian Connors. In addition, agency counsel advised Ms. Reisenweber that she would be unable to provide the documents necessary to respond to the Plaintiff's complaint by November 2, 2018 and requested that she seek a second extension of time. Ms. Reisenweber notes that she immediately prepared a Second Motion for an Extension of Time, dated October 30, 2018, seeking a 30 day extension to December 2, 2018. Although this Second Motion for Extension of Time was mailed to the Plaintiff, it was never filed with the Court. The only explanation Ms. Reisenweber can provide for the failure to file the motion with the Court is that of clerical oversight.

Thereafter, the November 2, 2018 deadline to plead or otherwise respond to the complaint came and went with Ms. Reisenweber believing a motion for extension of time had been filed. However, Ms. Reisenweber acknowledges that on November 5, 2018, it came to her attention that the second motion for extension of time had never been filed. After confirming this to be the case, she indicates that she immediately drafted a motion entitled "Motion for Permission for *Nunc Pro Tunc* filing of Second Motion for Enlargement of Time." The motion was converted to an Adope.pdf file for filing but was never filed with the Court.

## ANALYSIS

Rule 55(a) requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).

Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). However, prior to entry of a default judgment, a court may, in its discretion, and "for good cause shown," set aside the entry of default. *See Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

Default judgments are not favored, and "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549, 551 (S.D. W. Va. 1994) (quoting *Moradi*, 673 F.2d at 727). (ECF No. 24 at 3). The United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default. Those six factors consist of the following:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

*See Moradi*, 673 F.2d at 728. (ECF No. 24 at 3-4). The Court has suggested that the reasonable promptness and meritorious defense factors hold the most weight and, generally, the entry of default should be set aside when those factors, alone, are met. *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251.

To "establish a meritorious defense, the defaulting party need only present evidence which, if believed, would permit the Court or the jury to find for the defaulting

party." *Kartman v. Markle,* No. 5:10CV106, 2011 WL 2671240, at *1 (N.D.W. Va. July 7, 2011) (J. Stamp) (citing *Morandi*, 673 F.2d at 727. Under this standard, the Defendants have proffered facts to support a meritorious defense to the Plaintiff's claims, and the Plaintiff has offered no response to the Defendants' assertions. Furthermore, the Defendants filed their motion in a prompt manner a mere one day following entry of default. *See Powell v. DeWitt*, No. 5:12-CV-93, 2012 WL 13028303, at *2 (N.D.W. Va. Aug. 10, 2012) (J. Bailey) (holding that the motion to set aside default filed four days after entry was reasonably prompt. Given the fact that this case is still in its early stages, neither the Plaintiff nor the Defendants has suffered prejudice to their positions at this point of the proceedings.

Therefore, upon consideration of the *Moradi* factors discussed above, the undersigned concludes the Defendants can establish good cause to set aside the entry of default against them. Because of setting aside the default and, moreover, because there are, at this stage of the proceedings, disputes of fact that prohibit a summary judgment in favor of the Plaintiff, the undersigned finds that Plaintiff's Motion for Default Judgment is not presently warranted. The Plaintiff has simply not demonstrated, at this point of the proceedings, that there is no genuine issue of material fact, or that he is entitled to judgment as a matter of law on his claims. This matter is best left for further development.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Defendants' Motion to Set Aside Default [ECF No. 41] and **DENY WITHOUT PREJUDICE** the Plaintiff's Request for Default Judgment [ECF No. 43].

5

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: February 13, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE