IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


EDWARD CURANOVIC,

        Plaintiff,

v.                                      Civil Action No. 5:18CV88
                                                          (STAMP)
JESSICA HOUCHIN, R.N.,
MS. WILSON, P.A.,
LT. DUVALL,
DR. ANDERSON, M.D.,
M. WEAVER,
Medical Administrator,
ANGELA P. DUNBAR,
Regional Director,
JENNIFER SAAD, Warden
and IAN CONNERS,
Adm. National Inmate Appeals,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
                  **AFFIRMING AND ADOPTING REPORT AND**
                  **RECOMMENDATION OF MAGISTRATE JUDGE**

                          I.  Background

    On May 14, 2018, the pro se[1] plaintiff filed a complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff received a notice of deficient pleading.  ECF No. 4.  Plaintiff then filed a complaint on a court-approved form under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  ECF No. 7. Plaintiff again received a notice of deficient pleading and intent to strike pleading and dismiss action.  ECF No. 8.  Plaintiff then

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

filed another Bivens complaint. ECF No. 10. In his complaint, plaintiff alleges that defendants were deliberately indifferent to plaintiff's medical conditions in violation of the Eighth Amendment of the United States Constitution. ECF No. 1-1 at 2, ECF No. 7-1 at 1-12, and ECF No. 10 at 8-10. Plaintiff requests "a monetary award of $1.9 [m]illion [d]ollars; for the physical anguish and pain he experienced; $1.9 million for the emotional anguish the [plaintiff] experienced during the 'dilemma' with FCI Gilmer Staff on June 10, 2017; $1.9 million dollars for . . . [d]efendants['] 'deliberate indifference' . . . for the total amount of $5.7 million dollars in damages. Also the necessary back fusion recommended by Dr. Marsh." ECF No. 10 at 10.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James P. Mazzone. On September 26, 2018, defendants filed a motion for enlargement of time for a consolidated response date of November 2, 2018. ECF No. 30. Magistrate Judge Mazzone granted defendants' motion for enlargement of time and ordered that defendants answer or otherwise respond to plaintiff's complaint by November 2, 2018. ECF No. 31.

Defendants failed to answer or otherwise respond to plaintiff's complaint. Plaintiff then filed a motion for default on November 8, 2018. ECF No. 38. On November 13, 2018, Magistrate Judge Mazzone granted plaintiff's motion for default because it was

2

"clear from the record that the defendants [] failed to plead or otherwise defend this action." ECF No. 39 at 2.

On November 14, 2018, defendants filed a motion to set aside default. ECF No. 41. In that motion, defendants contend that a staff shortage at the Bureau of Prisons' Consolidated Legal Center, which is handling this matter, slowed the process of obtaining the documents necessary to respond to plaintiff's complaint. Id. at 2. Moreover, defendants state that due to unknown reasons, their second motion to extend the response date of November 2, 2018, and their Motion for Permission for Nunc Pro Tunc Filing of Second Motion for Enlargement of Time were never filed with the Court. Id. at 3. Defendants then assert that default judgment should be set aside for the following reasons: (1) respondeat superior liability does not exist in a Bivens lawsuit, and because plaintiff has not alleged personal involvement by certain defendants, dismissal should be granted as to defendants Weaver, Dunbar, Saad, Connors, and Duvall from this civil action; (2) plaintiff will be unable to successfully allege that his medical care was so deficient that it resulted in an Eighth Amendment violation; (3) defendants were reasonably prompt to file the motion to set aside the Court's entry of default; (4) the failure to plead or otherwise respond to plaintiff's complaint was not the personal responsibility of defendants, but that of the undersigned attorney, Assistant United States Attorney Erin K. Reisenweber; (5) setting

aside entry of default will not prejudice either party, since it is unlikely that plaintiff began the process necessary for obtaining default judgment; and (6) defendants have no history of delay. Id. at 3-9.

Plaintiff responded to defendants' motion to set aside default judgment. ECF No. 47. In his response, plaintiff asserts, among other things, that defendants had ample time to prepare their defense. Id. at 3. Moreover, plaintiff states that delaying proceedings would be prejudicial since he "is in continued pain and suffering and in need of a(n) operation, which has been recommended and his health continues to deteriorate for the delay postpones [p]laintiff's opportunity to accurately obtain needed operation which has been put on 'hold.'[,]" and that his "general position would be prejudiced by granting defendant[s] relief from default in [that] the [p]laintiff could never have confidence in it[]s service of process and hence, in the timing of it[]s legal actions." Id. Plaintiff then asserts that "[a]lternatively . . . the [m]otion to [s]et [a]side [e]ntry of [d]efault, is not properly before the Court, as . . . Erin K Reisenweber, appeared by 'Special Appearance.'" Id. at 7. Plaintiff states that counsel did not enter an appearance on behalf of defendants, and that defendants provide no support demonstrating that they have a meritorious defense. Id.

4

Plaintiff also filed a motion for default judgment. ECF No. 43. In that motion plaintiff states that defendants failed to plead or otherwise respond to his complaint within 21 days of service, that plaintiff's allegations are deemed admitted, and that he is entitled to default judgment. Id. at 4.

The magistrate judge entered a report and recommendation, in which he recommends that defendant's motion to set aside default (ECF No. 41) be granted and that plaintiff's request for default judgment (ECF No. 43) be denied without prejudice. ECF No. 57 at 5.

The plaintiff has not filed objections.

This Court notes that there is a pending motion to dismiss or, in the alternative, motion for summary judgment filed by defendants (ECF No. 44) and that the magistrate judge granted plaintiff's motion for an extension of time to respond to defendants' motion (ECF No. 66). ECF No. 67 at 1. Specifically, the magistrate judge stated that plaintiff shall have until April 1, 2019 to file his response. Id.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge (ECF No. 57) should be adopted in its entirety.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation

to which objection is timely made.  Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, Magistrate Judge Mazzone found that defendants provided facts to support a meritorious defense and that plaintiff did not offer a response to defendants' assertions.  ECF No. 57 at 5.  The magistrate judge further found that defendants filed their motion promptly, one day after default. Id.  Therefore, the magistrate judge concluded that defendants established good cause to set aside entry of default against them. Id.  This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 57) is hereby AFFIRMED and ADOPTED in its entirety. Specifically, the defendant's motion to set aside default (ECF No. 41) is GRANTED, and the plaintiff's request for default judgment (ECF No. 43) is DENIED without prejudice.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    March 12, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE