IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD CURANOVIC,

    Plaintiff,

v.                                                      Civil Action No. 5:18CV88
                                                                         (STAMP)

JESSICA HOUCHIN, R.N.,
MS. WILSON, P.A.,
LT. DUVALL,
DR. ANDERSON, M.D.,
M. WEAVER,
Medical Administrator,
ANGELA P. DUNBAR,
Regional Director,
JENNIFER SAAD, Warden
and IAN CONNERS,
Adm. National Inmate Appeals,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PLAINTIFF'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITH PREJUDICE**

I. Background

The pro se[1] plaintiff, Edward Curanovic, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against current FCI Gilmer employees Michael Weaver, Health Services Administrator; Lieutenant W. Duvall; Staff Physician Eddie Anderson; Physician Assistant ("P.A.") Alicia Wilson; Emergency Medical Technician/Paramedic

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Jessica Houchin; and FCI Gilmer Warden J. Saad. The plaintiff also names Federal Bureau of Prisons ("BOP") staff members Angela Dunbar, who is BOP's Mid-Atlantic Regional Director, and Ian Connors, BOP's National Inmate Appeals Administrator.[2] ECF Nos. 7 and 10. In his complaint and amended complaint, the plaintiff alleges that the defendants "violated [Bureau of Prisons] Policy and acted with 'deliberate indifference' to a serious medical situation." ECF No. 7-1 at 8-11, 12; ECF No. 10 at 8-9 (emphasis omitted). Specifically, the plaintiff alleges that defendant Weaver instructed defendant Houchin, a nurse, to give him a steroid shot after he fell off his bunk to the floor, and after he was later transported to receive medical treatment. Id. The plaintiff states that:

> [w]hen the steroid shot did not help, Houchin and Weaver both refused further medical attention and did not take Plaintiff to the Hospital. Weaver ordered Plaintiff to get up, get in the wheelchair, and to go back to the housing unit. Because Plaintiff was unable to move, thus not complying with Weaver's order Weaver had Lt. Duvall and 3 other unknown officers take Plaintiff to solitary confinement [Special Housing Unit] (SHU). Weaver also filed an Incident Report against Plaintiff for failing to comply with a direct order . . . During the first three (3) days in the (SHU), Plaintiff due to severe back spasms, couldn't eat, sleep, and get up to receive medications. Plaintiff urinated and defecated on himself

---

[2]The plaintiff first filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The plaintiff was then sent a notice of deficient pleading. ECF No. 4. Subsequently, the plaintiff filed a complaint based on Bivens. ECF No. 7. The plaintiff then received a notice of deficient pleading and intent to strike pleading and dismiss action. ECF No. 8. After receiving this notice, the plaintiff filed an amended complaint. ECF No. 10.

and was unable to clean himself. Roughly the Fifth day
in the (SHU) Dr. Anderson visited Plaintiff and refused
to take Plaintiff to the hospital. Plaintiff was
released from the (SHU) 10 days after the medical
emergency.

ECF No. 10 at 8-9.

The plaintiff also makes another claim in his complaint based on an alleged delay in treatment. Id. at 9. Specifically, the plaintiff states that United States District Court Judge Vernon S. Broderick stated that the plaintiff needed to see a medical professional; however, the defendants did not schedule surgery for the plaintiff. Id. The plaintiff seeks "$5.7 million dollars in damages" and a back fusion. Id. at 10.

The plaintiff then filed a motion for a preliminary injunction. ECF No. 37. In that motion, the plaintiff states that there is a strong likelihood that he will prevail in this action, and that he has met all the elements for a preliminary injunction. Id. at 2-4. Moreover, the plaintiff indicates that a final consultation to operate on his back has been scheduled, and that he has continued to suffer due to his back condition. Id. at 2-3. The plaintiff seeks an order that requires the BOP to perform the back operation. Id. at 3.

The defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. ECF No. 44. The defendants first contend that the plaintiff cannot establish that they were deliberately indifferent to his medical condition,

3

because the plaintiff fails to establish the objective and subjective components of the deliberate indifference standard under the Eighth Amendment of the United States Constitution. ECF No. 45-1 at 16-22. Specifically, the plaintiff cannot show that his condition was not timely, properly treated, or the requisite culpable state of mind of any of the defendants. Id. Second, the defendants state that neither the plaintiff's placement in the SHU nor the conditions of the SHU violates the Eight Amendment since the plaintiff cannot establish that the conditions in the SHU resulted in serious physical or emotional injuries or the grave risk of such harm. Id. at 22-23. Third, the defendants assert that there is no due process violation since: (1) the plaintiff has no constitutional right to be free from administrative detention in the SHU and (2) the plaintiff's placement in the SHU is neither a condition which exceeded his sentence in an unexpected manner nor one which created an atypical or significant hardship in relation to the ordinary incidents of prison life. Id. at 25-26. Fourth, the defendants note that the plaintiff makes no specific allegations against defendants Dunbar, Saad, or Connors; and therefore, they must be dismissed as defendants. Id. at 26. Fifth, the defendants assert that they are entitled to qualified immunity since the plaintiff failed to establish deliberate indifference on the part of the staff, but rather the plaintiff disagrees with the type of treatment he was provided. Id. at 27.

Moreover, the defendants state that defendants Dunbar and Saad cannot be held liable based on a respondeat superior theory of liability, since the plaintiff fails to explain how they were directly involved in any alleged unconstitutional actions. Id. at 28. Further, the defendants indicate that just because the signatures of defendants Dunbar, Saad, and Connors appear on the BOP's responses to the plaintiff's administrative remedy requests does not mean that the plaintiff can sustain an action against them, since their involvement relates only to the administrative remedy process. Id. at 28-29.

The plaintiff then filed what is titled as "Plaintiff's Cross Motion for Summary Judgement and in Opposition to Defendant's Motion to Dismiss and to Defendant's Motion for Summary Judgement." ECF No. 82. The plaintiff attaches what is titled as "Plaintiff's Statement of Material Facts Genuinely in Dispute." ECF No. 82-1. In that attachment, the plaintiff states that defendants Weaver, Anderson, and Houchin violated BOP policy and acted with deliberate indifference:

> by intentionally denying the Plaintiff proper medical attention by refusing to take the plaintiff to the hospital because of staff shortage and when Weaver wrote an incident report and placed the plaintiff in the [SHU] for 10 days because the Plaintiff could not stand up and go back to his unit due to severe lower back spasms related to Plaintiff's significant back condition and worsening back pain . . . Clearly, this is intentional cruel and unusual punishment.

Id. at 6 (emphasis omitted).

The plaintiff also attaches what is titled as "Plaintiff's Statement of Material Facts as to which there is No Genuine Dispute." ECF No. 82-2. As a third attachment, the plaintiff filed what is titled as "Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Cross Motion for Summary Judgement and in Opposition to Defendants Motion to Dismiss and to Defendants Motion for Summary Judgement." ECF No. 82-3. In the memorandum, the plaintiff asserts that he has established deliberate indifference to his medical condition since the defendants "intentionally denied and delayed the plaintiff's access to proper medical care and Lumbar Fusion Surgery and intentionally interfered with treatment prescribed by Neurosurgeon Dr. Marsh." Id. at 5 (emphasis omitted). The plaintiff states that he "could show that his serious medical condition was not timely or properly treated." Id. at 7-9. The plaintiff then asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated when defendants Weaver, Anderson, and Houchin "acted with deliberate indifference by intentionally denying the plaintiff access to proper medical care as it relates to plaintiffs serious medical needs and by placing plaintiff in the SHU instead of taking plaintiff to the hospital." Id. at 9 (emphasis omitted); see id. at 9-16. Moreover, the plaintiff alleges that defendant Dunbar acted with deliberate indifference to his medical condition by indicating that the plaintiff was seen by medical personnel and

6

that he refused to go back to his housing unit. Id. at 17. Similarly, the plaintiff states that defendant Saad showed deliberate indifference by failing to investigate his alleged medical emergency or any issues related to this medical emergency, noting that defendant Saad is "in charge of [ ] day to day operations." Id. at 18. Moreover, the plaintiff states that defendant Connors was personally involved in the delay of medical treatment since he "concurred in the findings of [defendants] Saad and [ ] Dunbar's opinions." Id. at 18-19.

The plaintiff then filed a motion to intervene. ECF No. 83. In that motion, the plaintiff states that the defendants have refused to take him to surgery and that his back condition is getting worse. Id. at 1-2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James P. Mazzone. The magistrate judge entered a report and recommendation. ECF No. 86. In that recommendation, the magistrate judge recommended that the defendants' motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 44) be granted, the plaintiff's cross-motion for summary judgment (ECF No. 82) be denied, the plaintiff's complaint be dismissed with prejudice, and the plaintiff's motion for a preliminary injunction (ECF No. 37) and motion to intervene (ECF No. 83) be denied as moot.

7

The plaintiff timely filed objections. ECF No. 88. First, the plaintiff asserts that defendants Dunbar, Saad, and Connors were "given notice of [his] administrative grievances[,]" and that they "are required to investigate the filed grievances and act." <u>Id.</u> at 2 (emphasis omitted). The plaintiff states that "[t]heir intentional inaction makes all (3) Defendants just as culpable and liable as the other Defendants." <u>Id.</u> The plaintiff then proceeds to restate the bases for his claims that were previously made with respect to his deliberate indifference claim and due process claim. <u>Id.</u> at 3-12.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge (ECF No. 86) should be adopted in its entirety.

## II. <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which the plaintiff objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

8

III. Discussion

In reviewing the record, the report and recommendation, and the plaintiff's objections, this Court finds that the plaintiff's objections are without merit.

In the report and recommendation, the magistrate judge first correctly found that with respect to defendants Saad, Dunbar, and Connors, the plaintiff has not provided any evidence that these defendants tacitly authorized or were indifferent to an alleged violation of the plaintiff's constitutional rights. Id. at 9. The magistrate judge properly found that the plaintiff's allegations that the defendants failed to grant plaintiff relief during the administrative process is not the type of personal involvement required to sustain the plaintiff's Bivens claim. Id. Second, after a detailed account of the plaintiff's medical records and treatment, the magistrate judge correctly concluded that such records establish that the plaintiff has received substantial and adequate care; therefore, the plaintiff cannot satisfy the subjective component to establish an Eighth Amendment violation. Id. at 9-24. Third, the magistrate judge properly found that the plaintiff's placement in the SHU does not implicate a due process right, since the plaintiff did not establish that his days in the SHU resulted in serious physical or emotional injuries, or the grave risk of such harm. Id. at 25-26.

9

This Court has conducted an appropriate de novo review of the plaintiff's objections to the report and recommendation. After such review, this Court upholds the magistrate judge's recommendation (ECF No. 86) and overrules the plaintiff's objections (ECF No. 88).

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 86) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the defendants' motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 44) is hereby GRANTED, the plaintiff's cross-motion for summary judgment (ECF No. 82) is hereby DENIED, the plaintiff's complaint is hereby DISMISSED WITH PREJUDICE, and the plaintiff's motion for a preliminary injunction (ECF No. 37) and motion to intervene (ECF No. 83) are hereby DENIED AS MOOT. The plaintiff's objections (ECF No. 88) are hereby OVERRULED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 15, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE